UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS ALBERTO AVELLANEDA SUAREZ,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2836

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Facility in Battle Creek, Calhoun County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.) In an order entered on October 7, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the September 4, 2026, bond hearing on October 9, 2026. (Resp., ECF No. 6; Recording of Sept. 4, 2026, Bond Hearing, filed on Oct. 9, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2022. (Pet., ECF No. 1, PageID.6.) Petitioner has remained in the United States since that time. (*Id.*) On August 3, 2026, Petitioner was arrested by ICE. (*Id.*)

On September 4, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.4.) During the bond hearing, after the parties had presented their arguments, the Immigration Judge (IJ) stated: "I think the [Petitioner] hasn't met his burden that he's not a flight risk." (Recording of Sept. 4, 2026, Bond Hearing, at 14:25–14:41, filed on Oct. 9, 2026.) At the conclusion of the bond hearing, the IJ denied Petitioner's request for bond because: "flight risk. Matter of ALS." (IJ Order, ECF No. 1-2, PageID.17.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: October 22, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge